**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FRANCIS MCQUEEN ROZELLE JR., | § | |
| and CLARITA SOMMERS JOHNSON, | § | |
| APPELLANTS | § | No. 5:15-cv-00108 |
| | § | |
| Versus | § | On Appeal from the |
| | § | Bankruptcy Court |
| | § | |
| | § | Jointly Administered Cases at |
| JOHN PATRICK LOWE, in his capacity | § | Case No. 14-51480 |
| As Chapter 11 Trustee | § | |
| APPELLEE | § | |

**APPELLEE'S ADVISORY TO THE COURT**
**REQUESTED IN THE ORDER OF DECEMBER 29, 2015**

TO THE HONORABLE ROBERT L. PITMAN, DISTRICT JUDGE

Appellee, John Patrick Lowe, Trustee, submits his Advisory to the Court as follows:

1. There have been four appeals taken to this Court from Orders issued by the Bankruptcy Court in the jointly administered bankruptcy cases of Francis McQueen Rozelle Jr. and Clarita Sommers Johnson.

2. Three of the appeals are resolved. This Court upheld the Bankruptcy Court's appointment of a trustee in the case in its Order of August 28, 2015 in the appeal docketed at No. 5:15-CV-0033. Most recently the Appellants and the Appellee stipulated to a dismissal of consolidated appeals docketed at Nos. 5:15-CV-00431 and 5:15-CV-00581. The consolidated appeals challenged the

Bankruptcy Court's approval of a sale of certain real property. Following the dismissal of the consolidated appeals, the sale closed and the Trustee has the proceeds of the sale (less items paid at closing).

3. The instant appeal pending at 5:15-CV-00108 challenges the Bankruptcy Court's approval of the engagement of Central Texas Realty and Development LLC as the Trustee's real estate broker. The funds held by the Trustee from the sale include the amount of the broker's contractual commission.

4. On December 23, 2015 the Debtors, the Trustee, and Central Texas Realty and Development LLC, entered into the "Stipulation and Memorandum of Understanding Between John Patrick Lowe, Trustee and Francis McQueen Rozelle Jr. and Clarita Sommers Johnson" which is attached to this Advisory as Exhibit "A" (the "Stipulation and Memorandum"). The parties filed the Stipulation and Memorandum with the Bankruptcy Court at Docket No. 350 in the case below. The Stipulation and Memorandum contemplated the dismissal of the consolidated appeals.

5. The Stipulation and Memorandum preserves the instant appeal. Appellants have, however, stipulated that their remedy in the event that this Court reverses the Bankruptcy Court is limited to the broker's commission. The reversal of the Bankruptcy Court's approval of the engagement of the broker expressly will not affect the buyer's title to the real property.

6. Assuming the District Court affirms the Bankruptcy Court (or determines that the appeal is premature) Central Texas Real and Development LLC may then ask the Bankruptcy Court to authorize payment of its commission pursuant to 11 U.S.C. §§ 328 and 330. This Court's affirmance would not equate to approval of the commission. Affirmance would free the broker to seek approval of the commission from the Bankruptcy Court. The Bankruptcy Court must then evaluate the broker's Application and approve, disapprove, or adjust, the fee in accordance with the statute, the contract, and applicable law.

Dated: January 14, 2016.

BRANSCOMB|PC
711 Navarro Street, Suite 500
San Antonio, Texas 78205
Telephone: (210) 598-5400
Email: pautry@branscombpc.com

By: /s/ *Patrick H. Autry*
Patrick H. Autry
Texas Bar No. 01447600
Attorney for Appellee,
John Patrick Lowe, Trustee

Certificate of Service

The undersigned certifies that a true copy of the foregoing Appellee's Advisory to the Court was served through the Court's ECF noticing system and by email to counsel for the Appellant this 14th day of January, 2016.

*/s/Patrick H. Autry*_______
Patrick H. Autry

# EXHIBIT A – STIPULATION AND MEMORANDUM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| FRANCIS McQUEEN ROZELLE, JR. | § | LEAD CASE NO. 14-51480-K |
| | § | |
| CLARITA SOMMERS JOHNSON | § | SECOND CASE NO. 14-51484-K |
| | § | |
| | § | JOINTLY ADMINISTERED |
| DEBTORS | § | AT CASE NO. 14-51480 |
| FRANCIS McQUEEN ROZELLE, JR. | § | |
| and CLARITA SOMMERS JOHNSON, | § | |
| APPELLANTS | § | |
| | § | No. 5:15-CV-00108-RP |
| | § | On Appeal from the Bankruptcy Court |
| Versus | § | Jointly Administered Cases at |
| | § | Case No. 14-51480 |
| JOHN PATRICK LOWE, in his capacity | § | |
| As Chapter 11 Trustee | § | |
| APPELLEE | § | |
| FRANCIS McQUEEN ROZELLE, JR. | § | |
| and CLARITA SOMMERS JOHNSON, | § | |
| APPELLANTS | § | |
| | § | No. 5:15-CV-00431-RP and |
| | § | No. 5:15-CV-00581-RP (consolidated) |
| | § | On Appeal from the Bankruptcy Court |
| Versus | § | Jointly Administered Cases at |
| | § | Case No. 14-51480 |
| JOHN PATRICK LOWE, in his capacity | § | |
| As Chapter 11 Trustee | § | |
| APPELLEE | § | |

| | | |
|---|---|---|
| FRANCIS McQUEEN ROZELLE, JR. and CLARITA SOMMERS JOHNSON, APPELLANTS | § § § § | No. SA-15-CV-00581-RP (consolidated with SA-15-CV-00431-RP) |
| Versus | § | On Appeal from the Bankruptcy Court |
| JOHN PATRICK LOWE, in his capacity As Chapter 11 Trustee APPELLEE | § § § § | |

STIPULATION AND MEMORANDUM OF UNDERSTANDING BETWEEN JOHN PATRICK LOWE, TRUSTEE, AND FRANCIS McQUEEN ROZELLE JR. AND CLARITA SOMMERS JOHNSON

This STIPULATION AND MEMORANDUM OF UNDERSTANDING is entered into by JOHN PATRICK LOWE, TRUSTEE of the jointly administered bankruptcy estates of Francis McQueen Rozelle Jr., and Clarita Sommers Johnson ("Trustee), CENTRAL TEXAS REALTY AND DEVELOPMENT LLC ("Central Texas") and FRANCIS McQUEEN ROZELLE, JR. ("Rozelle") and CLARITA SOMMERS JOHNSON ("Johnson" and, together with Rozelle, "Debtors") as follows:

1. Debtors agree to immediately dismiss the appeals pending at No. 5:15-CV-00431-RP and No. 5:15-CV-00581 in the United States District Court, Western District of Texas, San Antonio Division, with the parties to bear their own court costs, and to not otherwise oppose the sale toPROVIDENT TRUST GROUP LLC FBO ROBERT SCHUMACHER IRA(the "Schumacher Entity") of the Real Property described in the Court's ORDER AUTHORIZING AND APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) and (f) signed and entered on March 27, 2015 (the "Real Property").

2. Trustee and Central Texas agree that the commission which the Commercial Contract – Unimproved Property and Exclusive Listing Agreement provide to be paid to Central Texas at

closing upon the sale of the Real Property to the Schumacher Entity shall be withheld by the Trustee pending resolution of the appeal of the Bankruptcy Court's order providing for the engagement of Central Texas as real estate broker for the bankruptcy estates pending at No. 5:15-CV-00108-RP in the United States District Court, Western District of Texas, San Antonio Division. If the district court reviewing the order providing for the engagement of Central Texas upholds the appointment, then Central Texas shall submit its fee application for the payment of the commissionto the bankruptcy court within 30 days for approval, denial, or modification pursuant to 11 USC §§327, 328 and 330 and any other applicable bankruptcy rule or law and the commission shall be disbursed by the Trustee in accordance with the Bankruptcy Court's ruling on the fee application unless the effectiveness of the order regarding disbursement of that fee is stayed. Nothing in this agreement waives the right of any party to appeal the district court's ruling in the No. 5:15-CV-00108-RP appeal and the bankruptcy court's ruling in regard to any professional fee awards.

3. Debtors stipulate and agree that their remedy regarding the issues on appeal at No. 5:15-CV-00108-RP in the United States District Court, Western District of Texas, San Antonio Division shall be limited to recourse to the funds representing the Broker's commission which is held by the Trusteepursuant to Paragraph 2 and shall in no way impair the nature, extent, or quality of title to the Real Property conveyed to Schumacher Entity. Nothing in this agreement should be construed to limit the liability of any professional regarding the events or subject matter of thesebankruptcy cases.

4. Trustee agrees to not oppose the effort of the Debtors to seek the abandonment of the claims and causes of action scheduled as Item No. 21, in their Amended Schedule B filed in each of their cases on September 11, 2015, so that Debtors may timely prosecute claims. Trustee

disclaims any warranty or representation, express or implied that any such claims and causes of action are viable or have value.

5. Assuming prudent administration of the bankruptcy estates permits such an interim distribution, Trustee agrees that he will seek court authority to make a distribution to each of Rozelle and Johnson in an amount no less than $200,000.00 each within 45 days of the closing of the sale of the Real Property to the Schumacher Entity unless the Trustee can reasonably demonstrate that that there are circumstances in which such funds will not be available in the bankruptcy estates to make distributions to the Debtors. The funds distributed to Debtors shall solely be the Debtors' property and immediately available for their discretionary use.Trustee agrees to make every reasonable effort to disburse the funds described herein in a timely manner.

6. This Stipulation and Memorandum of Understanding is supplemental to and not in derogation of the protection and rights afforded a good faith purchaser pursuant to 11 U.S.C. §363.

7. This Stipulation and Memorandum of Understanding is conditioned on the Trustee obtaining a representation from a title company acceptable to the purchaser of the Real Property that the title company shall issue a title policy on the Real Property after the appeals pending at No. 5:15-CV-00431-RP and No. 5:15-CV-00581 are dismissed.

Stipulated and agreed to this 23 day of December, 2015.

______________________________
John Patrick Lowe, Trustee

CENTRAL TEXAS REALTY & DEVELOPMENT LLC

______________________________
Walt G. Busby, President

DEBTORS:

______________________________
Francis McQueen Rozelle Jr.

______________________________
Clarita Sommers Johnson

disclaims any warranty or representation, express or implied that any such claims and causes of action are viable or have value.

5. Assuming prudent administration of the bankruptcy estates permits such an interim distribution, Trustee agrees that he will seek court authority to make a distribution to each of Rozelle and Johnson in an amount no less than $200,000.00 each within 45 days of the closing of the sale of the Real Property to the Schumacher Entity unless the Trustee can reasonably demonstrate that that there are circumstances in which such funds will not be available in the bankruptcy estates to make distributions to the Debtors. The funds distributed to Debtors shall solely be the Debtors' property and immediately available for their discretionary use.Trustee agrees to make every reasonable effort to disburse the funds described herein in a timely manner.

6. This Stipulation and Memorandum of Understanding is supplemental to and not in derogation of the protection and rights afforded a good faith purchaser pursuant to 11 U.S.C. §363.

7. This Stipulation and Memorandum of Understanding is conditioned on the Trustee obtaining a representation from a title company acceptable to the purchaser of the Real Property that the title company shall issue a title policy on the Real Property after the appeals pending at No. 5:15-CV-00431-RP and No. 5:15-CV-00581 are dismissed.

Stipulated and agreed to this 23rd day of December, 2015.

John Patrick Lowe, Trustee

CENTRAL TEXAS REALTY & DEVELOPMENT LLC

disclaims any warranty or representation, express or implied that any such claims and causes of action are viable or have value.

5. Assuming prudent administration of the bankruptcy estates permits such an interim distribution, Trustee agrees that he will seek court authority to make a distribution to each of Rozelle and Johnson in an amount no less than $200,000.00 each within 45 days of the closing of the sale of the Real Property to the Schumacher Entity unless the Trustee can reasonably demonstrate that that there are circumstances in which such funds will not be available in the bankruptcy estates to make distributions to the Debtors. The funds distributed to Debtors shall solely be the Debtors' property and immediately available for their discretionary use.Trustee agrees to make every reasonable effort to disburse the funds described herein in a timely manner.

6. This Stipulation and Memorandum of Understanding is supplemental to and not in derogation of the protection and rights afforded a good faith purchaser pursuant to 11 U.S.C. §363.

7. This Stipulation and Memorandum of Understanding is conditioned on the Trustee obtaining a representation from a title company acceptable to the purchaser of the Real Property that the title company shall issue a title policy on the Real Property after the appeals pending at No. 5:15-CV-00431-RP and No. 5:15-CV-00581 are dismissed.

Stipulated and agreed to this ___ day of December, 2015.

______________________________
John Patrick Lowe, Trustee

CENTRAL TEXAS REALTY & DEVELOPMENT LLC

Walt G. Busby, President

DEBTORS:

Francis McQueen Rozelle Jr.

Clarita Sommers Johnson